STATE EMPLOYEES — DUAL EMPLOYMENT It is a violation of the Oklahoma Code of Ethics, and possibly the Oklahoma Budget Law of 1947 and the Oklahoma Criminal Code as well, for a person who is a full-time employee of one state agency to accept employment from another state agency when the hours of work for both jobs are contemporaneous and when the person so employed receives compensation from both agencies. When a full-time employee of a state agency accepts employment on a temporary or other basis from another state agency with the hours of work for both agencies being contemporaneous, and when the person so employed receives compensation for both employments, the State Ethics Commission is responsible for determining the applicability of the penalty provisions of the Oklahoma Code of Ethics, the District Attorney for the county where the alleged illegality occurred is responsible for determining the applicability of the Oklahoma Criminal Code, and the State Budget Director is responsible for ascertaining the proper course of action required by the Oklahoma Budget Law of 1947. The Attorney General has received your request for an opinion wherein you ask the following questions: "1. Is it a violation of the Oklahoma Code of Ethics for State Officials and Employees or any other law of the State of Oklahoma for a person who is a full-time employee of a State Agency to accept employment on a temporary basis from another state agency when the hours of work for both jobs are contemporaneous and when the person so employed receives compensation from both agencies? "2. If the foregoing set of circumstances does constitute a violation, what is the appropriate remedy and who is responsible for administering it?" The Oklahoma Code of Ethics for state officials and employees is set out in Section 74 O.S. 1401 [74-1401] (1971), et seq., of Title 74 of the Oklahoma Statutes. Section 74 O.S. 1402 [74-1402] of the act delineates the policy considerations involved in the enactment of the Code of Ethics, and reads as follows: "It is hereby declared to be the policy of the State of Oklahoma that no officer or employee or member of the executive, judicial or legislative branch of state government shall have any interest, financial or otherwise, or engage in any business or transaction of any nature which is in substantial conflict with the proper discharge of his public duties or with the public interest. To protect the public from improper use of authority and to protect public officials and employees from unwarranted assaults on their integrity, the following code of ethics for state government is hereby adopted." Section 74 O.S. 1404 [74-1404] prohibits certain acts by state employees and provides, in pertinent part, as follows: "No state employee shall: "(f) Accept other employment which would impair his efficiency or independence of judgment in the performance of his public duties." In addition, it should be noted that Article II, Section 11, of the Oklahoma Constitution reads in pertinent part as follows: "Every person elected or appointed to any office or employment of trust or profit under the laws of this state, or under any ordinance of any municipality thereof, shall give personal attention to the duty of the office to which he is elected or appointed . . ." Title 74 O.S. 1413 [74-1413] (1971), clearly provides that the Oklahoma Code of Ethics for State Officials and Employees Act shall be cumulative to existing laws. Thus the common law governing conflicts of interest remains viable in Oklahoma and under which it is clear that a public employee owes an undivided loyalty to the public, and may not accept any employment which will impair his efficiency or subject him to the temptation of acting in any manner not in the publics' best interest. 63 Am. Jur.2d, Public Officers and Employees, 275, et seq. It is not, per se, a violation of the Code of Ethics for a state employee to accept employment with more than one state agency. Only if the specific facts of an individual case disclose a violation of Section 1404, is such employment prohibited. However, it is apparent that under the fact situation set forth in your opinion request that for a full-time state employee to purportedly work for one state agency or department during the same hours for which he is actually working for another state agency or department would violate the spirit and the letter of both the Code of Ethics and the Oklahoma Constitution. Contemporaneous hours of work necessarily constitute a violation. Such a dual employment situation would necessarily impair the employee's efficiency and deprive the public of the quality and quantity of service to which it is entitled. In addition, it should be noted that 74 O.S. 250.6 [74-250.6](b) (1971), requires that prescribed payroll forms be used by the various agencies of the State of Oklahoma, and 62 O.S. 41.17 [62-41.17] (1971), grants the State Budget Director the authority to revise and prescribe such forms. Section 62 O.S. 250.6 [62-250.6](b) reads as follows: "State officers and employees shall not be paid any salary, fee, wage, remuneration, expense allowance, or other compensation on warrants issued by the State Auditor except when claim for payment is made on the prescribed payroll form of the agency for which services are performed. Except, reimbursement for travel expenses incurred on official state business shall be made as provided by statute on approved travel claims. "Nothing in this Section is intended to keep a state agency from being reimbursed for services performed by employees of one agency for another. "Nothing in this Sections shall affect the method of payment of any expense allowance to any state officer or employee specifically authorized by statute, or the payment to uniformed employees for maintenance and cleaning of uniforms." Section 62 O.S. 41.17 [62-41.17] reads in pertinent part: "The State Budget Director is hereby authorized to revise and prescribe the blank claim forms and payroll forms to be used by the various agencies of the State . . . Payroll forms are hereby authorized for use in claiming amounts due individually to all employees, within a department, board, commission, institution or agency of the State when the bonded executive head or bonded employee of such spending agency certifies on the payroll form that the amount shown after each named employee is the amount due for the period of time shown on the payroll form. Each payroll form shall show in separate columns the total earnings, the amount of each type of withholding and the net amount due each employee. . . ." The payroll form which the State Budget Director has prescribed pursuant to the authority of these statutes contains the following language referring to the employees whose names appear on said payroll sheet: "That such official, officials, employee, or employees were present at their official duty stations or assigned place of duty, or were in an approved travel status for official purposes, without exception save as specially noted opposite such official, officials, employee or employees' name and entry upon the payroll forms." It should be further noted that the agency payroll sheet requires that the hours each individual employee or official worked during the pay period be set out thereon. Title 61 O.S. 3 [61-3] (1971), sets forth what a working day for public employees consists of, and reads in pertinent part as follows: "Eight hours shall constitute a day's work for all laborers, workmen, mechanics, prison guards, janitors of public institutions, or other persons now employed or who may hereafter be employed by or on behalf of the State, . . ." Title 74 O.S. 284 [74-284] (1971), likewise stands for the proposition that a regular full-time employee of the State of Oklahoma shall work a forty hour week, and reads in pertinent part as follows: ". . . From and after July 1, 1969, it shall be the policy of the State of Oklahoma to upgrade salaries of all regular, full-time officers and employees of the State of Oklahoma toward a minimum of Two Hundred Sixty Dollars ($260.00) per month based on a forty-hour work week. From and after July 1, 1969, each regular full-time officer and employee of the State of Oklahoma shall be paid a minimum salary of Two Hundred and Sixty Dollars ($260.00) per month, based on a forty-hour work week. . . ." Thus, it can be seen that neither the individual employee who claims to have worked hours when he did not, i.e. an employee who is paid as a full-time regular employee but actually works less than the normal 40 hour week, disregarding excused absences covered by sick leave, vacation time, etc., nor the approving officer certifying that such employee was present at his official duty station at a time when he was not, would be in compliance with the directives of the State Budget Office. Such a situation might well constitute a fraudulent claim under 62 O.S. 372 [62-372] (1971), which reads as follows: "Every officer of the State and of any county, township, city, town, or school district, who shall hereafter order or direct the payment of any money or transfer of any property belonging to the State or to such county, township, city, town, or school district, in settlement of any claim known to such officers to be fraudulent or void, or in pursuance of any unauthorized, unlawful or fraudulent contract or agreement made or attempted to be made, for the State or any such county, township, city, town, or school district, by any officer thereof, and every person, having notice of the facts, with whom such unauthorized, unlawful or fraudulent contract shall have been made, or to whom, or for whose benefit such money shall be paid or such transfer of property shall be made, shall be jointly and severally liable in damage to all innocent persons in any manner injured thereby, and shall be furthermore jointly and severally liable to the State, county, township, city, town, or school district affected, for double the amount of all such sums of money so paid, and double the value of property so transferred, as a penalty, to be recovered at the suit of the proper officers of the State or such county, township, city, town, or school district, or of any resident taxpayer thereof, as hereinafter provided." Another statute which may well be applicable to the situation where an employee knowingly claims compensation for a period of time when he was not actually performing services for the State is 21 O.S. 358 [21-358] (1971), which reads as follows: "It shall be unlawful for any person, firm, corporation, association or agency to make, present, or cause to be presented to any employee or officer of the State of Oklahoma, or to any department or agency thereof, any false, fictitious or fraudulent claim for payment of public funds upon or against the State of Oklahoma, or any department or agency thereof, knowing such claim to be false, fictitious or fraudulent." In light of the above discussion and upon considering the totality of the cited statutes, as well as the necessity that a public servant's activities be beyond reproach, particularly as they relate to the public coffers, it becomes apparent that your first question should be answered in the affirmative. In reaching this conclusion our office has placed due reliance upon the previous Attorney General's Opinions which have been issued regarding this subject. In this regard see Attorney General's Opinion No. 69-279 wherein this office held that it was not lawful or permissible for one person employed by a county to contemporaneously serve in two positions. In reaching that determination, which is hereby reaffirmed, the opinion stated the following regarding such dual employment: "These hours of employment for a secretary would be some of the same hours when such judicial officer might need a bailiff in attendance upon his court. It follows, then, that the same person holding both employment as a secretary to the Associate District Judge and the office of Bailiff to the court over which that judge presides could not give personal attention to the duties of both the position and the office." As regards your second question, your attention is directed to the provisions of Section 1406 of the Code of Ethics which reads as follows: "The failure of any state employee to comply with Section 4 and Section 5 hereof shall constitute a wilful neglect of duty and grounds for private or public reprimand, censoring, expulsion, removal from office, or discharge, whichever is applicable." (Section 4 is presently codified as Section 1404, which is set forth in part above.) The penalties set forth in this section would appropriately be triggered by the filing of a complaint with the State Ethics Commission by any citizen knowledgeable of a breach of the Code of Ethics. In this regard see Section 1408 of the Code which defines the makeup of the Commission, sets forth its powers and responsibilities, and delineates certain procedures to be used in invoking the jurisdiction of the Commission. It should also be noted that under Section 1407 of the act any officer or employee of the state who is in doubt as to whether or not he is in violation of the Code of Ethics is entitled to request an opinion of the Attorney General regarding same. The offense set forth in 21 O.S. 358 [21-358] (1971), supra, would give rise to the penalties set forth in 21 O.S. 359 [21-359] (1971), for any employee convicted thereunder. Section 21 O.S. 359 [21-359] reads as follows: "Any person, firm, corporation, association or agency found guilty of violating the foregoing section shall be guilty of a felony and is punishable by a fine not exceeding the sum of Ten Thousand Dollars ($10,000.00), or by imprisonment in the penitentiary for a term not exceeding two (2) years, or by both such fine and imprisonment." It should be noted that the District Attorney for the county where the alleged illegal activities occurred would be responsible for ascertaining the applicability of Section 358 and 359, as well as the appropriateness of filing criminal charges thereunder. Likewise, any claim determined to be fraudulent under the provisions of 62 O.S. 372 [62-372] (1971), supra, provides the basis for a taxpayer lawsuit pursuant to 62 O.S. 373 [62-373] (1971), and/or possible forfeiture of the approving officer's surety bond, which bond is provided for by 62 O.S. 41.26 [62-41.26] (1971). The appropriateness of state action to recoup any state monies paid a state employee pursuant to an invalid claim should be determined by the State Budget Director. In reaching such determination the Director could, of course, seek the advice and assistance of the State Examiner and Inspector and the Attorney General. It is, therefore, the opinion of the Attorney General that your first question be answered in the affirmative in that it is a violation of the Oklahoma Code of Ethics, and possibly the Oklahoma Budget Law of 1947 and the Oklahoma Criminal Code as well, for a person who is a fulltime employee of one state agency to accept employment from another state agency when the hours of work for both jobs are contemporaneous and when the person so employed receives compensation from both agencies. It is further the opinion of the Attorney General in response to your second question that when a full-time employee of a state agency accepts employment on a temporary or other basis from another state agency with the hours of work for both agencies being contemporaneous, and when the person so employed receives compensation for both employments, the State Ethics Commission is responsible for determining the applicability of the penalty provisions of the Oklahoma Code of Ethics, the District Attorney for the county where the alleged illegality occurred is responsible for determining the applicability of the Oklahoma Criminal Code, and the State Budget Director is responsible for ascertaining the proper course of action required by the Oklahoma Budget Law of 1947. (James R. Barnett) (Dual Compensation) ** SEE: OPINION NO. 88-023 (1989) ** ** SEE: OPINION NO. 91-578 (1991) ** ** SEE: OPINION NO. 91-567 (1991) **